Trey Grayson
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

July 19, 2010

TELEFLEX INCORPORATED
SERVE THE PRENTICE-HALL CORPORATION SYSTEM, INC.
2711 CENTERVILLE ROAD
SUITE 400
WILMINGTON, DE 19808

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 10-CI-208

COURT:  Circuit Court Clerk
         Estill County
         130 Main St.
         Irvine, KY 40336
         Phone: (606) 723-3970

Legal action has been filed against you in the captioned case. As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   **(1) Your attorney, or**
   **(2) The attorney filing this suit whose name should appear on
       the last page of the complaint, or**
   **(3) The court or administrative agency in which the suit is filed
       at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case. Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

| AOC-105          Doc. Code: CI | | Case No. ___10-CI-___ |
|---|---|---|
| Rev. 1-07   06/18/2010 10:51 am | | |
| Page 1 of 1   Ver. 1.02 | | Court   [x] Circuit [ ] District |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | County   Estill |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | |

MICHAEL HALL and GENA HALL;
RUSSELL ALEXANDER and KIM ALEXANDER

**PLAINTIFF** S

RECEIVED
JUL 19 2010
BY:

VS.

TELEFLEX INCORPORATED; and,

BRUNSWICK CORPORATION d/b/a
TRITON BOATS

**DEFENDANT** S

**Service of Process Agent for Defendant:**

| Secretary of State | TO SERVE: | The Prentice-Hall Corporation System, Inc. |
|---|---|---|
| Commonwealth of Kentucky | | |
| P.O. Box 718 | | 2711 Centerville Road, Suite 400 |
| | | Wilmington, DE 19808 |
| Frankfort, KY 40602-0718 | | (Process Agent for Teleflex Incorporated) |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: July 16, 2010

Estill Circuit Court _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

FILED: _1-15-10_____
CHARLENE I. BAKER, CLERK
BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
23rd JUDICIAL CIRCUIT
ESTILL CIRCUIT COURT
CIVIL ACTION NO. 10-CI-_____

MICHAEL HALL                                                      PLAINTIFFS
and GENA HALL;
RUSSELL ALEXANDER
and KIM ALEXANDER

VS.                              **COMPLAINT**

TELEFLEX INCORPORATED; and,
BRUNSWICK CORPORATION d/b/a
TRITON BOATS                                                    DEFENDANTS

* * * * *

COME the plaintiffs, Michael Hall, Gena Hall, Russell Alexander and Kim Alexander, by counsel, and for their complaint against the defendants, Teleflex Incorporated and Brunswick Corporation d/b/a Triton Boats, state as follows:

### The Parties

1.     Plaintiffs, Michael and Gena Hall, are now, and were at all times relevant to this claim, husband and wife.

2.     Plaintiffs, Russell and Kim Alexander, are now, and were at all times relevant to this claim, husband and wife.

3.     Teleflex Incorporated [hereinafter "Teleflex"] is engaged in the business of designing, manufacturing and marketing marine products, including boat steering systems.

4.     Teleflex is a corporation organized under the laws of Delaware, and has no agent for service of process in the Commonwealth of Kentucky.

5.     Teleflex, directly or by its agents, transacts business in this Commonwealth, contracts to supply services or goods in this Commonwealth, caused tortious injury by an act or omission in this Commonwealth, caused tortious injury in this Commonwealth

by an act or omission outside this Commonwealth while regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth, while the tortious injury occurring in this Commonwealth arose out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within this Commonwealth, or, caused injury in this Commonwealth by breach of express or implied warranty made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume or be affected by the goods in this Commonwealth while also regularly doing or soliciting business or engaging in any other persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth, and otherwise has minimal contacts with the Commonwealth of Kentucky and is thus subject to jurisdiction of this Court pursuant to Kentucky's Long Arm Statute, KRS 454.210.

6.     Brunswick Corporation [hereinafter "Brunswick"] is engaged in the business of designing, manufacturing and marketing marine products, including Triton Boats.

7.     Brunswick is the successor in interest of Triton Boats, and legally liable for injury resulting from the design, manufacture and marketing of Triton boats which were designed, manufactured or marketed before Brunswick acquired Triton Boats in 2005.

8.     Brunswick is a corporation organized under the laws of the State of Delaware, and has an agent for service of process within the Commonwealth of Kentucky, that being: CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

2

## The Event

9.     On September 12, 2009, Michael Hall was operating his 1998 Triton TR-18 bass boat,   vehicle identification number TJZ85195G798, on the Kentucky River in Estill County, Kentucky, with Russell Alexander as his passenger, when the steering system malfunctioned without warning, causing the boat to run aground.

10.     The Triton boat mentioned in numbered paragraph 9 above was designed, manufactured and/or marketed by Brunswick's predecessor in interest, Triton Boats.

11.     The steering system mentioned in numbered paragraph 9 above was designed, manufactured and/or marketed by Teleflex and/or Brunswick.

12.     At the time of the accident mentioned in numbered paragraph 9 above, Michael Hall's boat, including the steering system, was being used for its intended or foreseeable purpose.

13.     Immediately before the steering system malfunctioned as mentioned in numbered paragraph 9 above, the boat and steering system was in a condition substantially unchanged from the time of its manufacture and assembly.

14.     The steering system was defectively designed, manufactured, tested and/or marketed.

15.     The design and/or manufacture of the steering system created such a risk of injury that a reasonably prudent designer, manufacturer and/or marketer of boats and boat steering systems, being fully aware of the risks, would not have placed it on the market as Teleflex and Brunswick did.

16.     The steering system was negligently designed, manufactured, tested and/or marketed.

17.     Teleflex and/or Brunswick knew or should have known that the steering system was defectively or negligently designed, manufactured, tested and/or marketed,

3

and failed to warn the general public, including Michael Hall and Russell Alexander, of the defective and dangerous condition of the steering system.

18. At the time of the accident mentioned in numbered paragraph 9 above, the malfunctioning of the steering system and the inability to steer the boat constituted a breach of express and/or implied warranty.

<u>Injuries and Damages to Michael and Gena Hall</u>

19. As a result of the omissions and commissions of Teleflex and Brunswick, as mentioned in numbered paragraphs 14, 15, 16, 17 and 18 above, and the boat running aground, Michael Hall sustained serious injuries.

20. As a result of his injuries, as mentioned in numbered paragraph 19 above, Michael Hall has incurred reasonable and necessary medical expenses in excess of $300,000.00.

21. As a result of his injuries, Michael Hall will incur future necessary medical expenses in the future.

22. As a result of his injuries, Michael Hall has lost time from work.

23. As a result of his injuries, which injuries are permanent, Michael Hall's power to earn money is permanently impaired.

24. As a result of his injuries, Michael Hall has suffered physical pain and mental anguish, including the loss of enjoyment of life.

25. As a result of his injuries, Michael Hall will in the future suffer physical pain and mental anguish, including the loss of enjoyment of life, and the increased likelihood of future harmful medical complications.

26. As a result of the injuries to Michael Hall, his wife, Gena Hall, has suffered the loss of her husband's aid, assistance, services, society, companionship and conjugal relations.

4

### Injuries and Damages to Russell and Kim Alexander

27.     As a result of the omissions and commissions of Teleflex and Brunswick, as mentioned in numbered paragraphs 14, 15, 16, 17 and 18 above, and the boat running aground, Russell Alexander sustained serious injuries.

28.     As a result of his injuries, as mentioned in numbered paragraph 27 above, Russell Alexander has incurred reasonable and necessary medical expenses in excess of $100,000.00.

29.     As a result of his injuries, Russell Alexander will incur necessary medical expenses in the future.

30.     As a result of his injuries, Russell Alexander has lost time from work.

31.     As a result of his injuries, which injuries are permanent, Russell Alexander's power to earn money is permanently impaired.

32.     As a result of his injuries, Russell Alexander has suffered physical pain and mental anguish, including the loss of enjoyment of life.

33.     As a result of his injuries, Russell Alexander will in the future suffer physical pain and mental anguish, including the loss of enjoyment of life, and the increased likelihood of future harmful medical complications.

34.     As a result of the injuries to Russell Alexander, his wife, Kim Alexander, has suffered the loss of her husband's aid, assistance, services, society, companionship and conjugal relations.

### Claim for Punitive Damages

35.     The conduct of Teleflex is such as to entitle Plaintiffs to punitive damages.

36.     The conduct of Brunswick is such as to entitle Plaintiffs to punitive damages.

WHEREFORE, plaintiffs, Michael Hall, Gena Hall, Russell Alexander and Kim Alexander, demand the following:

A.     Judgment against the Defendants, Teleflex Incorporated and Brunswick Corporation, for compensatory and punitive damages in an amount in excess of the minimum amount necessary to establish jurisdiction in this Court;

B.     Prejudgment and post-judgment interest;

C.     Their costs herein expended; and,

D.     Any and all other relief to which they may appear entitled.


Plaintiffs further demand trial by jury.

RICHARD HAY
SARAH HAY KNIGHT
Law Office of Richard Hay
203 West Columbia Street
P.O. Box 1124
Somerset, Kentucky 42502
Telephone: (606) 679-2214

and

RODNEY G. DAVIS
Davis Law, P.S.C.
226 N. Second Street
P.O. Box 1060
Richmond, KY 40476-1060
Telephone: 859-624-3380

ATTORNEYS FOR PLAINTIFFS


A TRUE COPY ATTESTED:
This 16th day of July 20 10.
_____, CLERK
_____ D.C.

6

FILED: 7-15-10

CHARLENE L. BAKER, CLERK

BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
23rd JUDICIAL CIRCUIT
ESTILL CIRCUIT COURT
CIVIL ACTION NO. 10-CI-208

MICHAEL HALL                                           PLAINTIFFS
and GENA HALL;
RUSSELL ALEXANDER
and KIM ALEXANDER

VS.                    **KRS §411.188 CERTIFICATION**

TELEFLEX INCORPORATED; and,
BRUNSWICK CORPORATION d/b/a
TRITON BOATS                                           DEFENDANTS

* * * * *

Comes Richard Hay co-counsel for Plaintiffs, and pursuant to KRS §411.188(4),

certifies as follows:

1.      I notified, by certified mail, those parties believed by me to hold

subrogation rights to any award which might be received by the plaintiffs as a result of

this action.

2.      A list of the parties notified pursuant to KRS §411.188(2) is as follows:

        Medicare – Coordination of Benefits
        P.O. Box 33847
        Detroit, MI 48232-5847

        MSPRC Auto/Liability
        P.O. Box 33828
        Detroit, MI 48232-5828

This the _15th_ day of July, 2010.

RICHARD HAY
SARAH HAY KNIGHT
Law Office of Richard Hay
203 West Columbia Street
P.O. Box 1124
Somerset, Kentucky 42502
Telephone: (606) 679-2214

and

RODNEY G. DAVIS
Davis Law, P.S.C.
226 N. Second Street
P.O. Box 1060
Richmond, KY 40476-1060
Telephone: 859-624-3380

ATTORNEYS FOR PLAINTIFFS

2

COMMONWEALTH OF KENTUCKY
23rd JUDICIAL CIRCUIT
ESTILL CIRCUIT COURT
CIVIL ACTION NO. 10-CI-_____

MICHAEL HALL and                                              PLAINTIFFS
GENA HALL;
RUSSELL ALEXANDER
and KIM ALEXANDER

VS.        **PLAINTIFFS' INTERROGATORIES TO TELEFLEX INCORPORATED**

TELEFLEX INCORPORATED; and,
BRUNSWICK CORPORATION d/b/a
TRITON BOATS                                                  DEFENDANTS

* * * * *

Come the Plaintiffs, by counsel, and pursuant to Civil Rule 33, request the

Defendant, Teleflex Incorporated ("Teleflex"), to answer the following interrogatories,

under oath, within thirty (30) days from receipt:

**INTERROGATORY NO. 1:**     State the name(s) and address(es) of the person(s)

answering or providing answers to these interrogatories on behalf of the Defendant.

**ANSWER:**

**INTERROGATORY NO. 2:**     State the identity and location of any witness having

knowledge of discoverable matter.

"Discoverable matter" is defined herein as any matter, not privileged, which is

relevant to the subject matter involved in the above-styled action, whether it relates to

the accident of September 12, 2009, injuries to Michael Hall and/or Russell Alexander,

damages to Plaintiffs, insurance coverage to the Defendant, the design, manufacture,

testing and marketing of the Teleflex rack and pinion steering system or substantially

similar steering systems, or any defenses raised by the Defendant.

1

**ANSWER:**

**INTERROGATORY NO. 3:**     For each person named in response to Interrogatory No. 2 above, state whether you or your attorney have either a written or recorded statement for any of said persons, and if so, state the date thereof, and the name and address of the person obtaining the statement.

**ANSWER:**

**INTERROGATORY NO. 4:**     State the identity of each person expected to be called as an expert witness at the trial of this action, the subject matter of which said expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

**INTERROGATORY NO. 5:**     Identify the existence and contents of any insurance agreement under which any insurance carrier may be liable to satisfy part or all of any judgment which may be entered on behalf of Plaintiffs in this action, specifically including the name of the insurance company, each policy number, limits of liability, and deductible or self-retention amount.

**ANSWER:**

**INTERROGATORY NO. 6:**     Do you contend that the boating accident was not caused by steering system failure as alleged in the Complaint? If so, state the basis for this contention and identify each witness or document that supports this contention.

**ANSWER:**

**INTERROGATORY NO. 7:**     List all lawsuits that have been filed against Teleflex alleging that its rack and pinion boat steering system was defective, was negligently designed, manufactured, tested and/or marketed, was in violation of warranty, or

2

otherwise alleged that the steering system failed to perform as expected.

With regard to each such lawsuit, give the name of the court, case number, name of the parties, names and addresses of the plaintiffs' lawyers, and the present status of the case (pending or closed). [NOTE: Teleflex may provide a copy of the complaint and its answer to the complaint in lieu of this information.]

**ANSWER:**

**INTERROGATORY NO. 8:** List all claims, including warranty claims, that have been made against Teleflex which alleged that its rack and pinion boat steering system was defective, negligently designed, manufactured, tested and/or marketed, was in violation of warranty, or otherwise alleged that the steering system failed to perform as expected, but which did not result in the filing of a lawsuit.

With regard to each such claim, please give the name of the claimant, the names and addresses of the claimants' attorney, if any, the date the claim was made, and the factual nature of the claim.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify any accident reports, incident reports or complaints, by whatever name called, regarding Teleflex's rack and pinion boat steering system malfunctioning, resulting in a loss of steering control.

**ANSWER:**

**INTERROGATORY NO. 10:** Has Teleflex ever engaged in either a voluntary or Government ordered recall regarding any of its boat steering systems? If so, please identify each such recall.

**ANSWER:**

3

**INTERROGATORY NO. 11:**   Does Teleflex contend that the steering system on Michael Hall's boat was not in substantially the same condition at the time of the accident (as alleged in the Complaint) as when it was manufactured? If so, state the basis for this contention and identify each witness or document that supports this contention.

**ANSWER:**

**INTERROGATORY NO. 12:**   Does Teleflex contend that the accident in question (as alleged in the Complaint) resulted from any abnormal use or misuse of Michael Hall's boat or its steering system? If so, state the basis for this contention and identify each witness or document that supports this contention.

**ANSWER:**

**INTERROGATORY NO. 13:**   List and describe each and every authoritative text or exhibit which Teleflex intends to offer into evidence at the trial of this case or intends to use or refer to at any deposition in this case.

**ANSWER:**

**INTERROGATORY NO. 14:**   Regarding the Teleflex rack and pinion steering system installed in Michael Hall's boat (as inspected by Teleflex's representatives on June 14, 2010), please state:

    (a)     the name and model of this steering system;

    (b)     when this steering system was designed;

    (c)     the date of manufacture of the component parts of the subject steering system;

    (d)     the date of manufacture of the assembly of the subject steering system;

    (e)     the place of manufacture of the subject steering system;

4

(f)     to whom the subject steering system was originally sold;

(g)     whether the subject steering system was the original steering system in the subject 1998 Triton TR-18 boat; and,

(h)     the identity of the person or entity installing the subject steering system in the subject boat.

**ANSWER:**

**INTERROGATORY NO. 15:**   Has Teleflex supplied boat steering systems to Triton Boats? If so:

(a)     identify any contract between Teleflex and Triton Boats; and,

(b)     state the number and types of steering systems which Teleflex supplied to Triton Boats, by year, from 1996 to 2009.

**ANSWER:**

**INTERROGATORY NO. 16:**   Identify each component of the steering system (from steering wheel to outboard motor) of the subject Triton boat, and:

(a)     for each component manufactured by Teleflex, state the name of the component and part number; and,

(b)     for each component not manufactured by Teleflex, state the name of the component and manufacturer of the component.

**ANSWER:**

**INTERROGATORY NO. 17:**   Identify any patent(s) covering or pertaining to the subject boat steering system.

**ANSWER:**

**INTERROGATORY NO. 18:**   Michael Hall contends that he was unable to steer the boat as the steering wheel would not turn, *i.e.*, it jammed. Please state:

5

(a)     what could cause this to occur;

(b)     what warning is given to the boat operator, if any, that this might occur; and,

(c)     whether there have been other similar occurrences, or alleged occurrences, and identify  each such occurrence and what documents exist that pertain to each such occurrence.

**ANSWER:**

**INTERROGATORY NO. 19:**   Does Teleflex contend that there is any other person or entity that should be a party to this lawsuit, either as an indispensable party, or a party against whom fault should be apportioned? If so, identify this person or entity (name and address), and state the basis for this contention and identify each witness or document that supports this contention.

**ANSWER:**

RICHARD HAY
SARAH HAY KNIGHT
Law Office of Richard Hay
203 West Columbia Street
P.O. Box 1124
Somerset, Kentucky 42502
Telephone: (606) 679-2214

and

RODNEY G. DAVIS
Davis Law, P.S.C.
226 N. Second Street
P.O. Box 1060
Richmond, KY 40476-1060
Telephone: (859) 624-3380

ATTORNEYS FOR PLAINTIFFS

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the Defendant, Teleflex Inc., by serving same upon its Agent for Service of Process along with the Summons and Complaint in this case.

Richard Hay
Sarah Hay Knight
Counsel for Plaintiffs

COMMONWEALTH OF KENTUCKY
23rd JUDICIAL CIRCUIT
ESTILL CIRCUIT COURT
CIVIL ACTION NO. 10-CI-_____

MICHAEL HALL                                                                      PLAINTIFFS
and GENA HALL;
RUSSELL ALEXANDER
and KIM ALEXANDER

VS.        **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**
                        **TO TELEFLEX INCORPORATED**

TELEFLEX INCORPORATED; and,
BRUNSWICK CORPORATION d/b/a
TRITON BOATS                                                                      DEFENDANTS

* * * * *

Come the Plaintiffs, by counsel, and pursuant to Civil Rule 34, request the Defendant, Teleflex Incorporated ("Teleflex"), to produce the following documents and things.

Defendant may comply with this request by providing legible copies of the requested information, documents and things, within thirty (30) days, to the office of Richard Hay, 203 West Columbia Street, P.O. Box 1124, Somerset, Kentucky 42502-1124.

**REQUEST NO. 1:**        Produce all plans, blueprints, design drawings and/or production drawings, by whatever name called, for the dual cable rack and pinion steering system in question.

**RESPONSE:**

**REQUEST NO. 2:**        Produce a copy of each complaint (e.g., lawsuit or pleadings) filed against Teleflex in which it is alleged that a steering system substantially similar to the subject steering system in question, was defective, unreasonably dangerous, contained inadequate warning or was not as warranted, and a copy of

1

Teleflex's answer to each complaint.

**RESPONSE:**

**REQUEST NO. 3:** Produce all documents which pertain to, allege or evidence other incidents of loss of steering control in boats with a steering system substantially similar to the subject steering system, whether legal action resulted or not.

**RESPONSE:**

**REQUEST NO. 4:** Produce any accident reports, incident reports or complaints, by whatever name called, regarding Teleflex's rack and pinion boat steering system malfunctioning, resulting in a loss of steering control.

**RESPONSE:**

**REQUEST NO. 5:** Produce any patents held, assigned to, or owned by Teleflex which pertain to its rack and pinion steering system.

**RESPONSE:**

**REQUEST NO. 6:** Produce any documents which Teleflex intends to rely upon or use as exhibits at trial or during any depositions.

**RESPONSE:**

**REQUEST NO. 7:** Produce Teleflex's current organizational chart.

**RESPONSE:**

**REQUEST NO. 8:** Produce all sales and marketing documents provided to Teleflex retailers from 1990 to 2000 regarding its rack and pinion steering system.

**RESPONSE:**

**REQUEST NO. 9:** Produce all advertisements, advertising brochures, pamphlets, sales brochures, leaflets or other publications or other documents prepared by or on behalf of Teleflex from 1990 to 2000, which pertain to its boat steering systems.

2

**RESPONSE:**

**REQUEST NO. 10:**    Produce a copy of any warning labels, stickers, or other writings which were originally affixed to the subject steering system.

**RESPONSE:**

**REQUEST NO. 11:**    Produce any design or manufacturing specifications pertaining to Teleflex's rack and pinion steering systems.

**RESPONSE:**

**REQUEST NO. 12:**    Produce any written warranties made with respect to the subject steering system.

**RESPONSE:**

**REQUEST NO. 13:**    Produce any warnings, directions or instructions that accompanied or pertained to the subject steering system.

**RESPONSE:**

**REQUEST NO. 14:**    Produce a copy of the invoice, or any other such document, which reflect the sale of the subject steering system.

**RESPONSE:**

**REQUEST NO. 15:**    Produce a copy of any contracts entered into with Triton Boats or Brunswick Corporation.

**RESPONSE:**

**REQUEST NO. 16:**    Produce a copy of any statement concerning this action or its subject matter made by any Plaintiff.

**RESPONSE:**

**REQUEST NO. 17:**    Produce copies of any photographs, video tapes, or any other type of photographic representations depicting Plaintiffs, or which purport to

3

show the nature and extent of the injuries to Plaintiffs, Michael Hall and/or Russell Alexander.

**RESPONSE:**

**REQUEST NO. 18:**   Produce a copy of any policy of insurance providing coverage to the claims alleged by Plaintiffs in this action, including the declaration sheet.

**RESPONSE:**

**REQUEST NO. 19:**   Produce copies of all test procedures and test reports pertaining to the testing of boat steering systems substantially similar to the subject rack and pinion steering system.

**RESPONSE:**

**REQUEST NO. 20:**   Produce copies of all photographs, video tapes, or any other type of photographic representation depicting the test procedures or tests performed on boat steering systems substantially similar to the subject rack and pinion steering system.

**RESPONSE:**

**REQUEST NO. 21:**   Produce a copy of Teleflex's document retention policy.

**RESPONSE:**

RICHARD HAY
SARAH HAY KNIGHT
Law Office of Richard Hay
203 West Columbia Street
P.O. Box 1124
Somerset, Kentucky 42502
Telephone: (606) 679-2214

and

4

RODNEY G. DAVIS
Davis Law, P.S.C.
226 N. Second Street
P.O. Box 1060
Richmond, KY 40476-1060
Telephone: (859) 624-3380
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the Defendant, Teleflex Inc., by serving same upon its Agent for Service of Process along with the Summons and Complaint in this case.

Richard Hay
Sarah Hay Knight
Counsel for Plaintiffs

5



OFFICE OF
# SECRETARY OF STATE
P.O. BOX 718
FRANKFORT, KENTUCKY 40602-0718



☑ *REGISTER TO VOTE*



7192 2677 0011 0112 5585

RETURN RECEIPT (ELECTRONIC)

# RETURN RECEIPT REQUESTED

TELEFLEX INCORPORATED
SERVE THE PRENTICE-HALL CORPORATION SYSTEM, INC.
2711 CENTERVILLE ROAD
SUITE 400
WILMINGTON, DE 19808