UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-270-KSF

MICHAEL HALL, et al.                                                                              PLAINTIFFS

vs.                                    **OPINION AND ORDER**

TELEFLEX, INC., et al.                                                                         DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Defendant Brunswick Corporation ("Brunswick") for summary judgment on all of Plaintiffs' claims and for oral argument on the motion. For the reasons discussed below, the motion for summary judgment will be granted, and the motion for oral argument denied as moot.

I.   BACKGROUND

This case arises out of a boating accident at approximately 11:30 a.m. on September 12, 2009, in the Kentucky River near Irvine, Kentucky.  Michael Hall and Russell Alexander were participating in a bass fishing tournament with Hall at the wheel of a 1998 Triton TR-18 model boat with a Teleflex rack and pinion steering system.  Plaintiffs allege they were bearing left at a bend in the river when they saw a log floating in the middle of the river.  Hall testified that he turned the boat further to the left to avoid the log, but then was unable to steer the boat back to the right as the steering wheel would not move, despite two or three attempts.  Hall put the boat in neutral but was not able to prevent it from hitting the bank on the left-hand shore.  Both Hall and Alexander were injured when the boat hit the bank.  Plaintiffs claim that Brunswick is strictly liable in tort as the company that manufactured, assembled and marketed Mike Hall's boat. [DE 34, p. 1].

The boat at issue was manufactured by Triton Boats in 1998, prior to Brunswick's acquisition of Triton Boats in 2005.  Brunswick sold the Triton Boat line in 2010.  Nonetheless,

Brunswick does not dispute that it has a duty to defend the case and is a proper defendant. [DE 33, p. 2, n. 2].

Brunswick devotes considerable space in its motion for summary judgment arguing that there is no evidence of negligent design by the boat manufacturer.  This argument arises from the fact that Plaintiffs alleged that Teleflex and Brunswick "defectively designed, manufactured, tested and/or marketed" the steering system in the boat and that "a reasonably prudent designer, manufacturer and/or marketer of boats and boat steering systems, being fully aware of the risks, would not have placed it on the market as Teleflex and Brunswick did."  [DE 1-1, ¶¶ 11, 14, 15]. Plaintiffs' Response admits, however, that their evidence shows "that the steering system contained a manufacturing defect, not a design defect." [DE 34, p. 8].  Plaintiffs also "acknowledge a lack of privity with Triton Boats/Brunswick" and admit that "they have no breach of warranty claim."  *Id.*

Plaintiffs argue their testimony alone provides sufficient evidence that the steering system suddenly failed and that it is "common knowledge that a steering system which suddenly and unexpectedly fails is defective and unreasonably dangerous."  *Id.* at 4.  They reiterate additional evidence to support their claim of a manufacturing defect in the steering system.  Moreover, they argue that a manufacturer is "presumed to know the qualities, the characteristics and the actual condition of the product at the time of sale."  *Id.* at 7, quoting *Morales v. American Honda Motor Co.,* 71 F.3d 531, 536 (6th Cir. 1995).  Accordingly, they argue that Brunswick's lack of knowledge of any defect in the steering system is meaningless.  *Id.* at 8.

In reply, Brunswick sharply attacks the admissibility of evidence on which Plaintiffs rely. [DE 38, pp. 3-7.  It further criticizes Plaintiffs for failing to provide supporting documentation for their response until immediately before Brunswick's reply was due.  *Id.* at 8.  More importantly, it notes there is a statutory presumption that the boat was not defective and that Plaintiffs' experts refute the claim that the boat was defectively manufactured.  *Id.*

**II.     ANALYSIS**

KRS 411.310 (1) provides:

In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.

*Id.*  It is undisputed that the Triton boat was manufactured in 1998 and purchased soon thereafter by its prior owner.  The accident did not occur until 2009.  Accordingly, the Triton boat is presumed not to be defective.

The evidence relied upon by Plaintiffs does not rebut the presumption.  First, Plaintiffs admit they are not claiming the boat or the steering system was defectively designed. [DE 34, p. 8]. Second, there is no evidence that the boat "was not manufactured or assembled in accordance with its specifications."  *Greene v. B. F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784, 788 (6th Cir. 2005).  Indeed, Plaintiffs' experts refute any claim that the boat was defectively manufactured or designed.  Mr. Greenlees testified as follows:

> Q.     Okay, Let's see.  We've gone through your report, and is it fair to say that your report does not provide any opinions or criticisms of the boat manufacturer in this case?
>
> A.     Yes, that's correct.
>
> Q.     Are there any opinions or criticisms of the boat manufacturer that are not contained in your report that you intend to present at trial?
>
> A.     No, there are not.
>
> ***
>
> Q.     Are you going to testify at trial that there are any standards that Triton didn't comply with at the time of manufacture?
>
> A.     No, ma'am.

[Greenlees Depo. pp. 63-64, 69].  Similarly, Dr. Johnson testified as follows:

3

> Q. Based on your inspection of Mr. Hall's boat and the exemplar boat, do you have any opinions that are critical of the design of the 1998 Triton boat?
>
> A. No.
>
> Q. And same question. Based on your review of Mr. Hall's boat and the exemplar boat, do you have any opinions that are critical of the manufacture of the 1998 Triton boat?
>
> A. Well, the Triton boat, no. I'm not a design engineer.

[Johnson Depo. pp. 114-115]. Dr. Johnson acknowledged that the Teleflex "steering system comes fully completed and enclosed to the boat manufacturer." *Id.* at 115. He said Triton might have found the fractures in the steering system if they had been "extremely careful and, perhaps, to an extraordinary degree careful" and radiographed the rack and pinion. *Id.* at 116. He doubted very much if other boat manufacturers radiographed steering systems before incorporating them into their boats, and was not suggesting that all boat manufacturers should do so. *Id.* at 116-117.

The manufacturing process for a boat is not a subject within the common knowledge of lay people. "In almost every case, expert testimony is required to prove that a product is unreasonably dangerous or defective." *Posey v. Warner Lambert Consumer Healthcare*, 2001 WL 1776757 (W. D. Ky. Sept. 17, 2001), citing *Commonwealth, Dept. of Highways v. Robbins*, 421 S.W.2d 820, 824 (KY. 1967). There is no evidence of any deviation from manufacturing specifications in this case. Accordingly, Brunswick is entitled to summary judgment on Plaintiffs' claim of a manufacturing defect.

Plaintiffs admit there is a lack of privity with Brunswick. Therefore, Brunswick is entitled to summary judgment on Plaintiffs' breach of warranty claim. *Complex International Co., Ltd. v. Taylor*, 209 S.W.3d 462 (Ky. 2007).

Plaintiffs' only other possible claim is that the Triton boat was defectively designed when it included the Teleflex steering system. Plaintiffs concede, however, that they are not making a

4

defective design claim and have no evidence of defective design. Accordingly, Brunswick is entitled to summary judgment on any claim by Plaintiffs that the boat was defectively designed.

### III.     CONCLUSION

**IT IS ORDERED** that Brunswick's Motion for Summary Judgment on all of Plaintiffs' Claims [DE 32] is **GRANTED**. Brunswick's Motion for Oral Argument is **DENIED AS MOOT**. A separate Judgment will be entered contemporaneously with this Opinion and Order.

This January 23, 2012.



Signed By:

*Karl S. Forester*   KSF

**United States Senior Judge**